1  CAROLYN HUNT COTTRELL (SBN 166977)
   MIRA P. KARAGEORGE (SBN 312916)
2  SCHNEIDER WALLACE
   COTTRELL KONECKY
3  WOTKYNS LLP
   2000 Powell Street, Suite 1400
4  Emeryville, California 94608
   Telephone: (415) 421-7100
5  Facsimile: (415) 421-7105

6  KAREN C. CARRERA (SBN 165675)
   VIRGINIA VILLEGAS (SBN 179062)
7  ADALBERTO CORRES (SBN 301427)
   VILLEGAS CARRERA, LLP
8  170 Columbus Avenue, Suite 300
   San Francisco, California 94133
9  Telephone: (415) 989-8000
   Facsimile:  (415) 989-8028

10

11 Attorneys for Plaintiffs and the Proposed Class

   **UNITED STATES DISTRICT COURT**
12 **NORTHERN DISTRICT OF CALIFORNIA**

13 ADRIANA GUZMAN, JUAN PABLO | Case No. 4:17-cv-02606-HSG
   ALDANA LIRA, JONATHON POOT, |
14 on behalf of themselves and all others | **FIRST AMENDED CLASS ACTION COMPLAINT**
   similarly situated, |
15 | **(1) EMPLOYMENT DISCRIMINATION:**
16         Plaintiffs, |     **DISPARATE TREATMENT ON THE BASIS**
   |     **OF RACE/NATIONAL ORIGIN (CALIFORNIA**
17    vs. |     **GOVERNMENT CODE § 12940(a));**
   | **(2) EMPLOYMENT DISCRIMINATION:**
18 CHIPOTLE MEXICAN GRILL, INC., |     **DISPARATE IMPACT ON THE BASIS OF**
   CHIPOTLE SERVICES, LLC (f/k/a |     **RACE/NATIONAL ORIGIN (CALIFORNIA**
19 CHIPOTLE MEXICAN GRILL |     **GOVERNMENT CODE § 12940(a));**
   SERVICE CO., LLC and CMG | **(3) HARASSMENT  ON THE BASIS OF**
20 SERVICE CO., LLC), and DOES 1- |     **RACE/NATIONAL ORIGIN (CALIFORNIA**
   25, inclusive, |     **GOVERNMENT CODE § 12940(j));**
21 | **(4) FAILURE TO PREVENT DISCRIMINATION**
         Defendants. |     **AND HARASSMENT (CALIFORNIA**
22 |     **GOVERNMENT CODE § 12940(j)); AND**
23 | **(5) RETALIATION (CALIFORNIA**
   |     **GOVERNMENT CODE § 12940(h))**
24 |
25 | Judge: Hon. Haywood S. Gilliam, Jr.
26 | Removal Date: May 5, 2017
   | Trial Date: None Set
27

28

---

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Guzman, et al. v. Chipotle Mexican Grill, Inc., et al.*; Case No. 4:17-cv-02606-HSG

**FIRST AMENDED CLASS ACTION COMPLAINT**

Now come Plaintiffs Adriana Guzman, Juan Pablo Aldana Lira, and Jonathon Poot, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs") in the above action, and file this First Amended Complaint and hereby allege the following:

**INTRODUCTION**

1.      Plaintiffs bring this class action on behalf of themselves and all other similarly situated individuals who are of Hispanic race and/or Mexican national origin and who worked for Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC), and/or Does 1-25 (collectively, "Chipotle" or "Defendants") in California as hourly employees. Plaintiffs bring this class action to challenge Chipotle's illegal corporate policies and practices that systematically discriminate against Plaintiffs and proposed Class Members on the basis of their Hispanic race and/or Mexican national original under California law, including the Fair Employment and Housing Act, California Government Code §§ 12940 *et seq.* ("FEHA").

2.      Specifically, this is a class action against Chipotle for: (1) employment discrimination – disparate treatment on the basis of race/national origin; (2) employment discrimination – disparate impact on the basis of race/national origin; (3) harassment on the basis of race/national origin; (4) failure to prevent discrimination and harassment; and (5) retaliation.

3.      As a result of these violations, Plaintiffs seek back pay and front pay, compensatory damages, punitive damages, penalties, interest, reasonable attorneys' fees and costs for those employees who were adversely affected by Chipotle's policies and practices.

4.      Plaintiffs also seek declaratory and injunctive relief to correct Chipotle's unlawful employment practices that discriminate on the basis of race and national origin.

**PARTIES**

5.      Plaintiff Guzman, an adult female, is a resident of San Francisco County, California. Plaintiff Guzman was employed by Defendant from April 2007 through May 2012. Guzman worked at the Chipotle location located at 126 New Montgomery Street, San Francisco, California. Guzman is Hispanic and of Mexican national origin.

1

6.      Plaintiff Lira, an adult male, was a resident of San Francisco County during the acts alleged herein. Plaintiff Lira was employed by Defendant from January 2008 through January 2013. Lira began working at a Chipotle location in Newark, California. Later, he transferred to a Chipotle restaurant located at 126 New Montgomery Street, San Francisco, California. Lira is Hispanic and of Mexican national origin.

7.      Plaintiff Poot, an adult male, is a resident of San Francisco County, California. Plaintiff Poot was employed by Defendant from October 2003 through January 2012. Poot worked at the Chipotle location located at 126 New Montgomery Street, San Francisco, California. Poot is Hispanic and of Mexican national origin.

8.      Defendant Chipotle Mexican Grill, Inc. is a fast-food restaurant chain, specializing in tacos and burritos. It was founded in 1993, and operates throughout the United States as well as internationally. Chipotle Mexican Grill, Inc. is incorporated in Delaware, and headquartered in Denver, Colorado. Chipotle Mexican Grill, Inc. does business and operates in California, and at all relevant times, was and is an employer as defined by the FEHA, Government Code § 12926(d). Chipotle Mexican Grill, Inc. is an entity with more than five employees, specifically employing tens of thousands of hourly workers including those who are Hispanic and of Mexican national origin.

9.      Defendant Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) is a limited liability company organized in Colorado, and headquartered in Denver, Colorado. Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) is a wholly-owned subsidiary of Chipotle Mexican Grill, Inc. Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) does business and operates in California, and at all relevant times, was and is an employer as defined by the FEHA, Government Code § 12926(d). Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) is an entity with more than five employees, specifically employing tens of thousands of hourly workers including those who are Hispanic and of Mexican national origin.

2

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Guzman, et al. v. Chipotle Mexican Grill, Inc., et al.*; Case No. 4:17-cv-02606-HSG

10.     On information and belief, Chipotle Mexican Grill, Inc. serves in a capacity of direct control over the operations of Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC), and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) is the agent of Chipotle Mexican Grill, Inc. On information and belief, Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) jointly exercise control over Plaintiffs and the proposed Class members.

11.     Defendants Does 1-25 are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs.  Plaintiffs are informed and believe and thereon allege that each of these fictitiously named Defendants are responsible in some way for the occurrences herein alleged, and Plaintiffs' damages as herein alleged were caused by Defendants.  When the true names of Does 1-25 are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein.

12.     Plaintiffs are informed, believe, and allege that at all times mentioned in this Complaint, the Doe Defendants were the agents and employees of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.  Plaintiffs are further informed, believe, and thereon allege that each of the Doe Defendants, as officers, directors, and/or managing agents of Chipotle, had advance knowledge and/or consciously disregarded the facts alleged herein. Moreover, the Doe Defendants, as officers, directors, and/or managing agents of Chipotle, gave consent to, ratified, and authorized the wrongful acts for which damages are sought as alleged herein.  Defendants are sued both in their own right and on the basis of respondent superior.

13.     Plaintiffs are informed, believe, and allege that Defendants are either solely or jointly and severally liable for damages including back pay, job benefits, and other economic and noneconomic damages.  These damages are owed to Plaintiffs under common law and by statute, and include attorneys' fees and costs.

## JURISDICTION AND VENUE

14.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

15.     The Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). In this putative class action, all named parties are, on information and belief, of diverse citizenship. On information and belief, the amount in controversy exceeds $75,000.00

16.     This Court has personal jurisdiction because Defendants conduct business within this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). At all material times, on information and belief, Defendants conducted business, employed Class members, and have locations in this District.

17.     Plaintiffs have exhausted their administrative remedies by filing a charge of harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing ("DFEH") and the United States Equal Employment Opportunity Commission ("EEOC"), alleging conduct supporting each of the causes of action alleged herein, within the time frame provided by law. Specifically, Plaintiff Poot filed his charge on November 12, 2012, and Plaintiffs Guzman and Lira filed their charges on January 23, 2013. The DFEH and EEOC have issued notices of Plaintiffs' "right to sue" Defendant Chipotle Mexican Grill, Inc.  EEOC issued the "right to sue" for all three Plaintiffs on November 23, 2016.  Accordingly, Plaintiffs file their State action before the federal right to sue period expired, 90 days after the notice of "right to sue."

**RELATION BACK**

18.     This First Amended Class Action Complaint relates back to Plaintiffs' original Class Action Complaint filed on February 17, 2017 as to all Defendants pursuant to Federal Rule of Civil Procedure 15(c).

**FACTUAL ALLEGATIONS**

19.     Plaintiffs and proposed Class Members are individuals of Hispanic race and/or Mexican national origin who are current and former hourly employees of Chipotle who worked at restaurant locations throughout California. They work as hourly employees, including but not limited to, in the positions of Crew, Kitchen Manager, Service Manager, or Apprentice – among others.

20.     Pursuant to its corporate policies and practices, Chipotle engages in pervasive, systemic discrimination, harassment, and retaliation on the basis of race and national origin.

Chipotle's discriminatory policies and practices specifically target individuals and employees who are Hispanic and/or of Mexican national origin.

21.     Chipotle focuses its attention on individuals who are Hispanic and/or of Mexican national origin, who have poor English-speaking skills or speak with an accent. It discriminates, harasses, and retaliates against these individuals and employees in a number of ways.

22.     Chipotle discriminates against job applicants, who are Hispanic and/or of Mexican national origin and have poor English-speaking skills or speak with an accent. Chipotle fails to hire and denies employment to these individuals on these bases, although they are otherwise qualified for the positions for which they apply. Plaintiffs are informed and believe that similarly situated job applicants, who are not Hispanic and/or of Mexican national origin, are not subject to this type of conduct.

23.     With respect to those individuals who already work or have worked at Chipotle, Chipotle has maintained and continues to maintain pervasive policies, patterns, and/or practices of discrimination, harassment, and retaliation on the basis of race and national origin.

24.     Chipotle routinely fails to follow its "Career Path" policies with respect to employees who are Hispanic and/or of Mexican national origin and have poor English-speaking skills or speak with an accent. Chipotle refuses to promote employees who are Hispanic and/or of Mexican national origin and have poor English-speaking skills or speak with an accent, although they are otherwise qualified for promotions. Plaintiffs are informed and believe that similarly situated employees, who are not Hispanic and/or of Mexican national origin, are not subject to this type of conduct.

25.     Instead of fairly treating employees who are Hispanic and/or of Mexican national origin, Chipotle further effectuates its discriminatory policies and practices by falsifying work performance reviews of these employees. Chipotle wrongly scrutinizes employees who are Hispanic and/or of Mexican national origin, treats them more harshly, and ultimately provides them with unsubstantiated poor performance reviews. Chipotle engages in such conduct towards employees who are Hispanic and/or of Mexican national origin and have poor English-speaking skills or speak with an accent in attempts to terminate them from the workforce. Plaintiffs are

informed and believe that similarly situated employees, who are not Hispanic and/or of Mexican national origin, are not subject to this type of conduct.

26.     Chipotle also subjects employees, who are Hispanic and/or of Mexican national origin and have poor English-speaking skills or speak with an accent, to a pattern of harassment (in the form of verbal taunting, offensive and harassing language, and racial jokes) regarding their English skills and accents. Chipotle attempts to create an unbearable, hostile work environment for these employees, with the goal of forcing their resignations. Plaintiffs are informed and believe that similarly situated employees, who are not Hispanic and/or of Mexican national origin, are not subject to this type of conduct.

27.     Should employees, who are Hispanic and/or of Mexican national origin, fail to quit, Chipotle subjects them to further discrimination and retaliation. Despite being ready and able to work, Chipotle employees who are Hispanic and/or of Mexican national origin face unsubstantiated, wrongful terminations. Chipotle wrongfully dismisses them from employment on the basis that they are Hispanic and/or of Mexican national origin and have poor English-speaking skills or speak with an accent, although the employees are qualified to work and are performing well. Plaintiffs are informed and believe that similarly situated employees, who are not Hispanic and/or of Mexican national origin, are not subject to this type of conduct. Chipotle retains similarly situated non-Hispanic employees.

28.     A pattern and practice of discrimination exists at Chipotle in light of corporate policies and practices that adversely impact Hispanic and/or people of Mexican national origin.

29.     Plaintiffs and other proposed Class Members, who are Hispanic and/or of Mexican national origin, are treated differently and worse than non-Hispanic workers by Chipotle because of or motivated by their race and/or their national origin.

30.     Chipotle also fails to take adequate measures to prevent and stop unfair treatment of employees, who are Hispanic and/or of Mexican national origin.

31.     In fact, Chipotle failed to take any action to remedy complaints of race and/or national origin discrimination when such complaints were brought to management's attention.

32.     Chipotle acted knowingly, intentionally and with reckless disregard for and callous indifference to Plaintiffs' and proposed Class Members' protected civil rights.

33.     As a direct, natural, proximate, and foreseeable result of Chipotle's actions, Plaintiffs and proposed Class Members have suffered past and future pecuniary losses as well as and other non-pecuniary losses.

34.     The actions of Chipotle exhibited oppression, malice, gross negligence, willful or wanton misconduct, or reckless disregard for Plaintiffs' and proposed Class Members' civil rights so as to entitle Plaintiffs and proposed Class Members to an award of punitive damages against Chipotle to punish Chipotle for its conduct and to deter the company and others like them from such conduct in the future.

## FACTUAL ALLEGATIONS AS TO THE NAMED PLAINTIFFS

35.     The Named Plaintiffs' employment experiences were consistent with the factual allegations set forth above, and are incorporated herein. Chipotle subjected Named Plaintiffs to its policies, practices, and patterns of discrimination on the basis of race and national origin.

36.     In light of its corporate policies and practices, Chipotle targeted Named Plaintiffs because they are Hispanic and of Mexican national origin. They faced pervasive, systemic discrimination, harassment, and retaliation on the basis of their race and national origin.

### Plaintiff Guzman

37.     Plaintiff Guzman began working for Chipotle at a restaurant located at 126 New Montgomery Street, San Francisco, California in approximately April 2007. She worked there continuously until she was terminated on May 24, 2012.  Her last position at Chipotle was that of Apprentice.

38.     When she was hired, Chipotle informed Plaintiff Guzman that it has a "Career Path" that follows a five step path from "crew" towards ultimately becoming a "Restaurateur." According to Chipotle, all employees have an opportunity to move up that career path.

39.     However, Chipotle failed to fairly apply this corporate policy to employees, who are Hispanic and/or of Mexican national origin. Chipotle failed to promote employees, who are

Hispanic and/or of Mexican national origin. Instead, Chipotle discriminated, harassed, and retaliated against them on the basis of their English-speaking skills and accents.

40.    Plaintiff Guzman believes that in approximately mid to late 2008, Chipotle's policy changed. It began an effort to get rid of all Latino employees and/or those Latino employees who spoke English with an accent and ceased the promotion and hiring of Latinos and/or those Latino employees who spoke English with an accent. She believes this because in approximately 2008, Bernice Vasquez (her General Manager at the time) called a restaurant-wide meeting held in Spanish, where she announced that Chipotle was demanding that every one that works for Chipotle must speak English and that she could no longer protect anyone that does not.

41.    When Plaintiff Guzman began working at Chipotle as a crew member the large majority of employees were Latinos and promotions up the "Career Path" were common. For example, she was hired as a crew member and worked in that position for about 6 months. At the time of her hire, Evange De Karisto (Caucasian) was the General Manager ("GM"), Berenice Vasquez (Latina) was the Apprentice, Grethel Miranda (Latina) and Jose Alanis (Latino) were Service Managers ("SM"), and Sebastian Torres (Latino) and Claudia Campos (Latina) were the Kitchen Managers ("KM").  In addition to Plaintiff Guzman, there were 7 to 8 other crew members on her shift, and they were primarily Spanish-speaking Latino employees.

42.    In approximately April or May 2007, Vasquez was promoted to GM.  In approximately October 2007, Vasquez promoted Plaintiff Guzman to KM.  In approximately December 2007, Torres was promoted to Apprentice, and in approximately April 2008, Plaintiff Guzman was again promoted to SM by Vasquez.

43.    However, in approximately October 2008, Vasquez was terminated. After Vasquez was terminated, Apprentice Sebastian Torres ran the restaurant until approximately, January 2009, when Wes Cantor (Caucasian) was transferred from a Sacramento Chipotle restaurant and hired as the new GM to replace Vasquez.  Within a few months after starting as GM, Cantor fired: (1) the Apprentice - Sebastian Torres (Latino); (2) Service Manager - Grethel Miranda (Latina); and (3) Kitchen Manager - Jimmy (last name unknown) (Latino).  Plaintiff Guzman believes that Torres, Miranda, and Jimmy were terminated because they are Latino and speak English with an accent.

8

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Guzman, et al. v. Chipotle Mexican Grill, Inc., et al.*; Case No. 4:17-cv-02606-HSG

44.     Additionally, in approximately early January 2012, De Karisto, held a meeting with Guzman, Lira, Don Cravalho (Caucasian), and Kyi Zin (Asian). De Karisto stated that Chipotle wanted to weed out the "low performers and told them that in addition to Poot, Jairo Donis, Leticia Guzman, and Carmen Gonzalez, he wanted them to identify other 'low performers.'"  All the supposed "low performers" identified by Mr. De Karisto were Spanish-speaking Latinos. Plaintiff Guzman worked directly with each of the four supposed "low performers", and her opinion was that they were not "low performers."

45.     On May 7, 2012, Plaintiff Guzman was suspended by Joanna Worley because she refused to retract her allegations that the employees who had been identified as "low performers" were not in fact "low performers" but that instead the list of alleged "low performers" was made up of only Latino employees.

46.     Later during the month of January 2012, Mr. De Karisto called Guzman multiple times to ask her if Poot, Donis, Guzman, and Gonzales had been fired yet. On one call, when Plaintiff Guzman told De Karisto that none of the four had been fired, but that instead Sai had been fired, De Karisto then yelled at her and angrily asked "why him and not others?"  Plaintiff Guzman told De Karisto that Sai was in fact a low performer, and that he had asked that they identify low performers for termination.

47.     On approximately January 16, 2012, Poot was terminated for supposedly violating a food preparation procedure.  Poot was a 9-year employee, and Plaintiff Guzman was surprised by his termination and the supposed reason for his termination.  She believes that Poot was terminated because he is Mexican/Latino and speaks English with an accent.

48.     Plaintiff Guzman is aware of other non-Latino workers who had more serious violations than the one of which Poot was accused, but were not terminated.  For example, Janice Crawal, who had approximately 8 write ups, including one for getting into a physical altercation with another employee, was not terminated despite the number of write ups she had.  In fact, the employee that Crawal got into the altercation with, Edgar Contreras (Latino) was terminated in approximately September 2011, but Crawal was not.  Guzman believes that Contreras was terminated because he is Latino and speaks English with an accent.

49.     When Plaintiff Guzman first attempted to move up from Crew to Kitchen Manager, De Karisto failed Guzman because she allegedly did not use proper English terminology and yelled at Guzman "When you speak English call me to give you the test!"

50.     When Douglas Guardado was hired, De Karisto, came to the restaurant and saw Guardado working.  She yelled at Cravalho, "I told you to get rid of one trash, and you hire more trash!"

51.     Furthermore, Plaintiff Guzman often heard De Karisto say "they are Mexican, they are retarded" every time a Latino employee made a mistake.

52.     Additionally, despite Chipotle's policy to promote from within, in approximately March 2010, Don Cravalho (Caucasian) was hired as an Apprentice, despite the fact that Plaintiff Guzman had already been working as a SM for almost two years, and Vasquez had told her that she was in line to be promoted to Apprentice.  Additionally, although Guzman was the SM, a lower position than Apprentice, Chipotle forced her to train Cravalho.  Further, by September or October 2010, Cravalho was promoted to GM after Castor was transferred from the restaurant.

53.     Ultimately, in March 2010, when Cravalho was hired as Apprentice, Plaintiff Guzman believes she was passed up by Chipotle because she is Latina and speaks English with an accent.

54.     Additionally, although she was repeatedly told that she was going to be promoted to GM when the time was right, Chipotle promoted several Caucasian and/or non-Latino workers in multiple restaurants, including Marcus Deanda, Castor, Jocelyn (last name unknown), Boris (last name unknown), Kevin (last name unknown), Wendy (last name unknown), Angela (last name unknown), and Nathaniel (last name unknown), to GM positions despite being employed by Chipotle for less time than Plaintiff Guzman was employed. Plaintiff Guzman believes Chipotle failed to promote her to the position of GM multiple times because she is Latina and speaks English with an accent.

55.     Plaintiff Guzman is also aware of at least one other employee, Plaintiff Lira, that was passed up for promotion because he is Latino and speaks English with an accent.  In approximately October 2011, when Worley was interviewing Plaintiff Guzman for possible promotion to GM, she

asked who would replace Plaintiff Guzman as Apprentice if she were to be promoted to GM.  In response, Plaintiff Guzman suggested Plaintiff Lira and Zin.  Worley responded that she should know that Zin was leaving Chipotle. Furthermore, Plaintiff Guzman should know that Plaintiff Lira "was not ready to be Apprentice because of his language skills".  Plaintiff Guzman informed Worley that she believed that Plaintiff Lira was qualified for the promotion and that he was taking English classes, but Worley refused to promote Plaintiff Lira on the basis of Chipotle's systematic discriminatory practices.

56.     On May 24, 2012, Plaintiff Guzman was ultimately terminated. Chipotle informed her that the grounds for her termination were that she supposedly told crew members about a list of "low performers." This is untrue and unfounded. Ms. Guzman believes this reason was a pretext. Ms. Guzman believes she was wrongfully terminated in for her complaints for refusing to support Chipotle's discriminatory practices when she refused to terminate Poot, Donis, Guzman, and Gonzales for being supposed "low performers."

57.     During her employment at Chipotle, Plaintiff Guzman was also witness to Chipotle's discriminatory policies and practices towards job applicants, who are Hispanic and/or of Mexican national origin.

58.     For example, Plaintiff Guzman observed Marcus Deanda throw out at least one application from a Latino job applicant without even reviewing it.  He saw the application, laughed, and threw it in the trash and said "no good."  Plaintiff Guzman also heard Castor call a Latino job applicant retarded after reviewing his job application.

59.     Additionally, in approximately January 2012, Cravalho (GM), and Guzman interviewed Douglas Guardado. Plaintiff Guzman observed how Cravalho repeatedly wanted to avoid hiring Guardado simply because he did not speak English.  During Guardado's interview, although he met all "13 Characteristics" that Chipotle seeks as part of its "Crew Selection System" Guardado did not speak English, and Cravalho expressed concern about hiring him simply because he did not speak English. Cravalho said he did not feel comfortable hiring Guardado because he would have a hard time communicating with Guardado.  Plaintiff Guzman told Cravalho that it should not be a problem because he would have little communication with Guardado, Plaintiff

1  Guzman could communicate with Guardado, Guardado would have little contact with customers,

2  and the work manuals were in Spanish.  When Cravalho eventually agreed to give Guardado a

3  chance, this was met with hostility and anger by management.

4      60.    In approximately February 2012, after Guardado was hired, De Karisto, came to the

5  restaurant and saw Guardado working.  She yelled at Cravalho, "I told you to get rid of one trash

6  and you hire more trash!"

7      61.    As a result of the unlawful conduct described above, Plaintiff Guzman has suffered

8  extreme emotional distress, anxiety, and stress.

9      62.    Plaintiff Guzman is informed and believes that she was discriminated against,

10  harassed, and retaliated against based on her race and national origin.

11  **Plaintiff Lira**

12      63.    Plaintiff Lira began working for Chipotle at a restaurant located at Newark,

13  California in approximately January 2008 as a crew member.  In approximately September 2009,

14  he was transferred to a Chipotle restaurant located at 126 New Montgomery Street, San Francisco,

15  California and worked there until February 5, 2012, when he was moved to a Chipotle located at

16  525 Market Street, San Francisco, California. He worked there until approximately February 21,

17  2012, when he went out on a medical leave of absence.  On January 14, 2013, Lira went to

18  Chipotle and spoke to De Karisto to let him know that he was planning on returning to work at the

19  end of his medical leave of absence on January 18, 2013.  On January 14, 2013, De Karisto told

20  Lira that he had already been terminated.  At the time he went out on medical leave, he was

21  working as a SM.

22      64.    When Plaintiff Lira was hired, Chipotle informed him that it has a "Career Path" that

23  follows a five step path from "crew" towards ultimately becoming a "Restaurateur." According to

24  Chipotle all employees have an opportunity to move up that career path.  However, Plaintiff Lira

25  believes that Chipotle's policy changed and it began an effort to get rid of all Latino employees

26  and/or those Latino employees who spoke English with an accent and ceased the promotion and

27  hiring of Latinos and/or those Latino employees who spoke English with an accent.

28

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Guzman, et al. v. Chipotle Mexican Grill, Inc., et al.*; Case No. 4:17-cv-02606-HSG

1    65.    In approximately November 2011, Worley told Lira that he could help Chipotle get

2    rid of Poot.

3    66.    In approximately early January 2012, De Karisto, held a meeting with Lira, Guzman,

4    Cravalho, and Zin. De Karisto stated that Chipotle wanted to weed out the "low performers and

5    told the meeting participants that in addition to Poot, Donis, Leticia Guzman, and Carmen

6    Gonzalez, he wanted them to identify other "low performers."  All the supposed "low performers"

7    identified by De Karisto were Spanish-speaking Latinos. As SM, Lira worked directly with each of

8    the four supposed "low performers", and his opinion was that they were not "low performers."

9    67.    On approximately January 16, 2012, Poot was terminated for supposedly violating a

10    food preparation procedure.  Poot was a nine-year employee and Lira was surprised by his

11    termination and the supposed reason for his termination.  Lira believes that Poot was terminated

12    because he is Mexican/Latino and speaks English with an accent and not because of a supposed

13    violation of a food preparation procedure.  Lira believes this because other employees with more

14    serious violations were not terminated.  For example, Crawal, who had multiple write ups,

15    including one for getting into a physical altercation with another employee, was not terminated

16    despite the number of write ups she had.  In addition, Lira issued Crawal a write up for violating a

17    company policy and Cravalho tore it up.  Moreover, the employee with whom Crawal had got into

18    the altercation, Contreras, was terminated in approximately September 2011. But, Crawal was not.

19    Lira believes that Contreras was terminated because he is Latino and speaks English with an accent

20    and Crawal was not terminated because she is American.

21    68.    When Plaintiff Lira began working at Chipotle, he was hired as a crew member and

22    worked in that position until approximately December 2009.  In December 2009, he was promoted

23    to KM.  However, the first time he took the oral exam to be promoted to KM, De Karisto failed

24    Lira because he supposedly could not understand Lira's English.  In approximately January 2010,

25    Lira was promoted to SM by Alma Bravo who conducted his oral exam. Despite Lira's attempts to

26    move up to Apprentice, he was repeatedly passed over because he supposedly did not possess

27    sufficient English skills.

28

69.     Prior to August 2011, Chipotle had an HR position that was focused on providing and/or assisting Chipotle employees in the development of their English skills but eliminated that position in approximately 2011. Chipotle offered English classes to employees with limited English skills that were deemed high performers by Chipotle. In or around July 2011, HR informed Lira that he was classified as a high performer and would start receiving English classes.

70.     In October 2011, De Karisto told Lira that Chipotle would no longer offer English classes because Chipotle's policy was that everyone speak English.

71.     In or around mid-2011, De Karisto began telling Lira that his English was horrible and that he could never understand what Lira was saying. De Karisto would often make these comments in front of other Chipotle employees.

72.     As a result of the unlawful conduct described above, Plaintiff Lira has suffered extreme emotional distress, anxiety, and stress.

73.     Plaintiff Lira is informed and believes that he was discriminated against, harassed, and retaliated against based on his race and national origin.

**Plaintiff Poot**

74.     In approximately October 2003, Plaintiff Poot began working for Chipotle at a restaurant located at 126 Montgomery Street, San Francisco, California and worked there until January 16, 2012, when he was wrongfully terminated working as a crew member.

75.     When Poot was hired, Chipotle informed him that it has a "Career Path" that follows a five step path from "crew" towards ultimately becoming a "Restaurateur." According to Chipotle, all employees have an opportunity to move up that career path if they chose.  However, Poot believes that Chipotle's policy changed and it began an effort to get rid of all Latino employees and/or those Latino employees who did not speak English or spoke  with an accent.

76.     Poot believes that Chipotle maintained discriminatory policies and practices against employees who are Hispanic and/or of Mexican national origin because in approximately late 2008, Vasquez, the GM, called a meeting at the restaurant and told the employees that Chipotle was "demanding" that everyone that works for Chipotle has to speak English.

77.     When Poot began working at Chipotle he was hired as a crew member and worked in that position until he was terminated.  During the over 8 years that Poot worked at Chipotle, he performed his work satisfactorily.  However, on approximately January 12, 2012 he was suspended after allegedly violating a food preparation procedure.  He was not given a warning or an opportunity to defend himself.  On January 14, 2012, Cravalho, the GM, called him and told him to report to Chipotle on January 16, 2012 at 7:00 a.m.  On January 16, 2012, Poot reported to Chipotle at 7:00 a.m. as instructed and was fired by Cravalho.

78.     Poot believes the reason given for his termination was a pretext because other non-Latino workers who had more serious work rule violations or multiple write-ups were not terminated.  For example, Crawal had several write-ups, including one involving a physical altercation with Contreras.  However, Crawal was not terminated.

79.     Defendant Chipotle classified employees of Hispanic descent and/or Mexican national origin as "low performers" and targeted them to be terminated despite performing their jobs satisfactorily.

80.     As a result of the unlawful conduct described above, Plaintiff Poot has suffered extreme emotional distress, anxiety, and stress.

81.     Plaintiff Poot is informed and believes that he was discriminated against, harassed, and retaliated against based on his race and national origin.

## CLASS ACTION ALLEGATIONS

82.     Plaintiffs bring this case as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  The Class that Plaintiffs seek to represent is defined as follows:

> All current and former hourly employees of Chipotle, who are Hispanic and/or of Mexican national origin, and worked at Chipotle restaurant locations in California (hereinafter referred to as the "Class")

83.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23.

a.      **Numerosity**:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

b.      **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

i.   Whether Chipotle's policies and practices discriminate against job applicants, who are Hispanic and/or of Mexican national origin, on the basis of race and/or national origin;

ii.   Whether Chipotle's policies and practices discriminate against employees, who are Hispanic and/or of Mexican national origin, by disparately treating these employees on the basis of race and/or national origin;

iii.   Whether Chipotle's policies and practices discriminate against employees, who are Hispanic and/or of Mexican national origin, by having a disparate impact on them on the basis of race and/or national origin;

iv.   Whether Chipotle's policies and practices harass and/or create a hostile work environment for employees, who are Hispanic and/or of Mexican national origin, on the basis of their race and/or national origin;

v.   Whether Chipotle's policies and practices fail to prevent discrimination on the basis of race and/or national origin against employees, who are Hispanic and/or of Mexican national origin;

vi.   Whether Chipotle's policies and practices fail to prevent harassment on the basis of race and/or national origin against employees, who are Hispanic and/or of Mexican national origin;

vii.   Whether Chipotle's policies and practices result in retaliation on the basis of race and/or national origin towards employees, who are Hispanic and/or of Mexican national origin;

viii.   Whether Chipotle's policies and practices resulting in discrimination,

harassment, and retaliation against. individuals and employees, who are Hispanic and/or of Mexican national origin, on the basis of race and/or national origin intentionally inflicted emotional distress on Plaintiffs and Class Members;

    ix.   Whether Chipotle is liable for compensatory and punitive damages, injunctive relief, and other equitable remedies; and

    x.   The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and the Class as alleged herein.

    c.   **Typicality**:  Plaintiffs' claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and proposed Class members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

    d.   **Adequacy of Representation**:  Plaintiffs are members of the Class, they do not have any conflicts of interest with other proposed Class members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions, including discrimination, harassment, and retaliation class actions.  Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

    e.   **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible.  Individualized litigation increases the delay and expense to all Parties and the Court.  By contrast, class

1   action treatment will allow those similarly situated persons to litigate their claims in the

2   manner that is most efficient and economical for the parties and the judicial system.

3           f.      In the alternative, the Class may be certified because the prosecution of

4   separate actions by the individual members of the Class would create a risk of inconsistent

5   or varying adjudication with respect to individual members of the Class, and, in turn, would

6   establish incompatible standards of conduct for Defendants.

7   **FIRST CAUSE OF ACTION**
**Against Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC (f/k/a Chipotle**
8   **Mexican Grill Service Co., LLC and CMG Service Co., LLC), and Does 1-25**
**Employment Discrimination: Disparate Treatment on the Basis of Race/National Origin**
9   **(Cal. Gov't Code § 12940(a))**
10  *on Behalf of Plaintiffs and the Class*

11        84.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

12        85.     At all times herein mentioned, California Government Code § 12940(a) was in full

13  force and effect and was binding upon Defendants Chipotle Mexican Grill, Inc. and Chipotle

14  Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC).

15  Section 12940(a) requires Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC

16  (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) to refrain from

17  discriminating against an employee on the basis of his or her "race" and "national original", among

18  other things.

19        86.     Throughout their employment with Chipotle, Plaintiffs and proposed Class Members

20  were subjected to continuous discriminatory treatment on the basis of their Hispanic race and/or

21  Mexican national origin.  Plaintiffs are informed and believe that similarly situated non-Hispanic

22  employees or those of Mexican national origin were not subject to this type of conduct.

23        87.     Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle

24  Mexican Grill Service Co., LLC and CMG Service Co., LLC) violated Government Code §

25  12940(a) by discriminating against Plaintiffs and proposed Class Members based on their race and

26  national origin.  Specifically, Plaintiffs and proposed Class Members were subjected to disparate

27  treatment by Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican

28  Grill Service Co., LLC and CMG Service Co., LLC) when, among other things, Plaintiffs and

proposed Class Members failed to be hired by Chipotle on account of their race and/or national origin, failed to be promoted on account of their race and/or national origin, were harassed on account of their race and/or national origin, were retaliated against on account of their race and/or national origin, and were terminated on account of their race and/or national origin.  Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC), notwithstanding their knowledge of allegations regarding discrimination, harassment, and retaliation on the basis of race and national origin failed to take reasonable steps to safeguard Plaintiffs and proposed Class Members, and Defendants failed to respond effectively or adequately to Plaintiffs' and proposed Class Members' complaints of harassment and discrimination.

88.     The aforementioned conduct of Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) constitutes a continuing violation of Plaintiffs' and proposed Class Members' rights from the first act to the last act.

89.     Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) are strictly liable for the conduct of their owner, managers, and supervisors.

90.     As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiffs and proposed Class Members have suffered and continue to suffer losses, and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress and discomfort.  The precise amount of Plaintiffs' and proposed Class Members' damages will be proven at trial.

91.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiffs and proposed Class Members. Defendants acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiffs' and proposed Class Members' rights.  Because the acts taken toward Plaintiffs and proposed Class Members were carried out by and/or authorized and ratified by officers, directors, and/or managing agents, acting in a despicable, deliberate, cold, callous and intentional manner in

1   order to injure and damage Plaintiffs and proposed Class Members, Plaintiffs are entitled to

2   recover punitive damages in an amount according to proof.

3       **WHEREFORE**, Plaintiffs and proposed Class Members pray for judgment against

4   Defendants as set forth below.

5   ### SECOND CAUSE OF ACTION
    **Against Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC (f/k/a Chipotle**
6   **Mexican Grill Service Co., LLC and CMG Service Co., LLC), and Does 1-25**
    **Employment Discrimination: Disparate Impact on the Basis of Race/National Origin**
7   **(Cal. Gov't Code § 12940(a))**
    *on Behalf of Plaintiffs and the Class*
8

9       92.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

10      93.    At all times herein mentioned, California Government Code § 12940(a) was in full

11  force and effect and was binding upon Defendants Chipotle Mexican Grill, Inc. and Chipotle

12  Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC).

13  Section 12940(a) requires Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC

14  (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) to refrain from

15  discriminating against an employee on the basis of his or her "race" and "national original", among

16  other things.

17      94.    Throughout their employment with Chipotle, Plaintiffs and proposed Class Members

18  were subjected to continuous discriminatory impacts on the basis of their Hispanic race and/or

19  Mexican national origin.  Plaintiffs are informed and believe that similarly situated non-Hispanic

20  employees or those of Mexican national origin were not subject to such impacts.

21      95.    Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle

22  Mexican Grill Service Co., LLC and CMG Service Co., LLC) violated Government Code §

23  12940(a) by discriminating against Plaintiffs and proposed Class Members based on their race and

24  national origin.  Specifically, Plaintiffs and proposed Class Members were subjected to the

25  disparate impacts of  Defendants' policies and practices when, among other things, Plaintiffs and

26  proposed Class Members failed to be hired by Chipotle on account of their race and/or national

27  origin, failed to be promoted on account of their race and/or national origin, were harassed on

28  account of their race and/or national origin, were retaliated against on account of their race and/or

national origin, and were terminated on account of their race and/or national origin.  Defendants, notwithstanding their knowledge of allegations regarding discrimination, harassment, and retaliation on the basis of race and national origin failed to take reasonable steps to safeguard Plaintiffs and proposed Class Members, and Defendants failed to respond effectively or adequately to Plaintiffs' and proposed Class Members' complaints of harassment and discrimination.

96.     The aforementioned conduct of Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) constitutes a continuing violation of Plaintiffs' and proposed Class Members' rights from the first act to the last act.

97.     Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) are strictly liable for the conduct of their owner, managers, and supervisors.

98.     As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiffs and proposed Class Members have suffered and continue to suffer losses, and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress and discomfort.  The precise amount of Plaintiffs' and proposed Class Members' damages will be proven at trial.

99.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiffs and proposed Class Members. Defendants acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiffs' and proposed Class Members' rights.  Because the acts taken toward Plaintiffs and proposed Class Members were carried out by and/or authorized and ratified by officers, directors, and/or managing agents, acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiffs and proposed Class Members, Plaintiffs are entitled to recover punitive damages in an amount according to proof.

**WHEREFORE**, Plaintiffs and proposed Class Members pray for judgment against Defendants as set forth below.

**THIRD CAUSE OF ACTION**
**Against Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC), and Does 1-25**
**Harassment on the Basis of Race/National Origin**
**(Cal. Gov't Code § 12940(j))**
*on Behalf of Plaintiffs and the Class*

100.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

101.    At all times herein mentioned, California Government Code § 12940(j) was in full force and effect and was binding upon Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC). Section 12940(j) requires Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) to refrain from harassing an employee on the basis of her "race" and "national origin", among other things.

102.    Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) violated the law, subjecting Plaintiffs and proposed Class Members to race and national origin harassment amounting to a hostile environment. Throughout their employment at Chipotle, Plaintiffs and proposed Class Members were subjected to unwelcome racial and national origin comments; the harassment was based on race and national origin; and the harassment was so severe and pervasive that it altered the conditions of Plaintiffs' and proposed Class Members' employment and created an abusive and hostile working environment.

103.    Throughout their employment with Defendants, Plaintiffs and proposed Class Members were subjected to continuous, offensive, and harassing remarks regarding race and national origin.  As set forth in the foregoing paragraphs, Plaintiffs and proposed Class Members were harassed in the form of, *inter alia*, verbal taunting.

104.    Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) are strictly liable for the conduct of their managerial and other employees because they knew or should have known about the unlawful conduct but did nothing to remedy it.

105.    The severity and pervasiveness of the harassment caused Plaintiffs and proposed Class Members to suffer extreme anxiety.

106.    The aforementioned harassment was and remained continuous, systematic, and sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiffs' and proposed Class Members' employment.  Additionally, it created a hostile work environment that Defendants failed to remedy.

107.    Plaintiffs' and proposed Class Members' employment and/or terms of their employment and/or the avoidance of negative consequences in their employment were conditioned upon submission to the above-mentioned unwelcome statements and conduct.

108.    Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) knew or should have known of the harassment but failed to take corrective action in violation of Government Code § 12940.

109.    The aforementioned conduct of Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) constitutes a continuing violation of Plaintiffs and proposed Class Members' rights from the first act to the last act.

110.    As a direct, foreseeable, and proximate result of Defendants' harassing acts, Plaintiffs and proposed Class Members have suffered and continue to suffer losses, and have suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort.  The precise amount of Plaintiffs' and proposed Class Members' damages will be proven at trial.

111.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiffs and proposed Class Members.  Defendants acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiffs' and proposed Class Members' rights.  Because the acts taken toward Plaintiffs and proposed Class Members were carried out by and/or authorized and ratified by officers, directors, and/or managing agents, acting in a despicable, deliberate, cold, callous and intentional manner in

23

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Guzman, et al. v. Chipotle Mexican Grill, Inc., et al.*; Case No. 4:17-cv-02606-HSG

1    order to injure and damage Plaintiffs and proposed Class Members, Plaintiffs and proposed Class

2    Members are entitled to recover punitive damages in an amount according to proof.

3          **WHEREFORE**, Plaintiffs and proposed Class Members pray for judgment against

4    Defendants as set forth below.

### FOURTH CAUSE OF ACTION
**Against Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC), and Does 1-25**
**Failure to Prevent Discrimination and Harassment**
**(Cal. Gov't Code § 12940(j))**
*on Behalf of Plaintiffs and the Class*

9          112.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

10        113.    The conduct of Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC

11    (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) as alleged in this

12    Complaint violates the FEHA, Government Code § 12940, which prohibits workplace

13    discrimination and harassment based on race and national origin.

14        114.    Government Code § 12940(j)(1) requires an employer to take all reasonable steps

15    necessary to prevent discrimination and harassment from occurring.

16        115.    Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle

17    Mexican Grill Service Co., LLC and CMG Service Co., LLC) knew or should have known about

18    discriminatory, harassing, and retaliatory conduct based on race and national origin toward

19    Plaintiffs and proposed Class Members and were remiss in failing to take immediate and

20    appropriate corrective action.  Defendants Chipotle Mexican Grill, Inc. and Chipotle Services,

21    LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) are also strictly

22    liable for the conduct of their supervisors.

23        116.    Plaintiffs and proposed Class Members made Defendants Chipotle Mexican Grill,

24    Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service

25    Co., LLC) aware of the unlawful conduct described in this Complaint.  Furthermore, the unlawful

26    conduct was so pervasive that Defendants had actual and/or constructive knowledge of

27    Defendants' conduct.  Defendants failed to take immediate and effective steps to conduct a fair,

28    impartial, and comprehensive investigation of the harassment and failed to take prompt remedial

1  action to stop of the harassment.

2       117.    In doing the acts and omissions set forth above, Defendants Chipotle Mexican Grill,

3  Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service

4  Co., LLC) failed to take immediate and appropriate corrective action to stop the discrimination and

5  harassment reported by Plaintiffs and proposed Class Members, and failed to prevent the

6  harassment from occurring, thereby violating Government Code § 12940(j)(1).

7       118.    Plaintiffs are informed, believe, and thereon allege that Defendants Chipotle

8  Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC

9  and CMG Service Co., LLC) (a) had an ineffective policy regarding workplace discrimination and

10  harassment; (b) had no effective procedure for addressing or investigating complaints of

11  discrimination and harassment; (c) failed to effectively implement any procedure it may have had

12  for investigating complaints of discrimination and harassment; (d) did not adequately investigate

13  Plaintiffs' and proposed Class Members' complaints; and (e) failed to appropriately train its

14  employees.  Defendants, by and through their agents, knew or should have known about the

15  harassing conduct toward Plaintiffs and proposed Class Members, and were remiss in failing to

16  take immediate and appropriate corrective action.  Defendants are also strictly liable for the

17  conduct of their supervisors.

18       119.    The aforementioned conduct of Defendants Chipotle Mexican Grill, Inc. and

19  Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co.,

20  LLC) constitutes a continuing violation of Plaintiffs' and proposed Class Members' rights from the

21  first act to the last act.

22       120.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiffs and

23  proposed Class Members have suffered and continue to suffer losses, and have suffered and continue

24  to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs

25  and proposed Class Members' damage in an amount in excess of the minimum jurisdiction of this

26  court, the precise amount to be proven at trial.

27       121.    Defendants committed the acts herein alleged maliciously, fraudulently, and

28  oppressively, with the wrongful intention of injuring Plaintiffs and proposed Class Members and

25

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Guzman, et al. v. Chipotle Mexican Grill, Inc., et al.*; Case No. 4:17-cv-02606-HSG

1  acted with an improper and evil mode amounting to malice, in conscious disregard of Plaintiffs' and

2  proposed Class Members' rights.  Because the acts taken towards Plaintiffs and proposed Class

3  Members' were carried out by and/or authorized and ratified by officers, directors, and/or managing

4  agents, acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and

5  damage Plaintiffs and proposed Class Members, Plaintiffs and proposed Class Members are entitled

6  to recover punitive damages from Defendant in an amount according to proof.

7       **WHEREFORE**, Plaintiffs and proposed Class Members pray for judgment against

8  Defendants as set forth below.

9  

**FIFTH CAUSE OF ACTION**

**Against Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC), and Does 1-25**

**Retaliation**

**(Cal. Gov. Code § 12940(h))**

*on Behalf of Plaintiffs and the Class*

13       122.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

14       123.    At all times herein mentioned, California Government Code § 12940(h) was in full

15  force and effect and was binding upon Defendants Chipotle Mexican Grill, Inc. and Chipotle

16  Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC).

17  Section 12940(h) requires Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC

18  (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC) to refrain from

19  retaliating against an employee for engaging in protected activity such as complaining about unlawful

20  discrimination, among other things.

21       124.    Plaintiffs and proposed Class Members engaged in protected activity when they

22  complained to Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (f/k/a Chipotle

23  Mexican Grill Service Co., LLC and CMG Service Co., LLC) regarding the discriminatory and

24  harassing conduct to which they were subjected.  Plaintiffs also engaged in protected activity when

25  they filed a charge of harassment and discrimination with the DFEH and EEOC.  After complaining,

26  Plaintiffs and proposed Class Members were subjected to further harassment, adverse action, and

27  retaliatory conduct, including, but not limited to, invalid criticisms of their performance, attempted

28  constructive termination of their employment, ostracism in and from the workplace, and unlawful

1  termination.

2    125. The aforementioned conduct of Defendants Chipotle Mexican Grill, Inc. and Chipotle

3  Services, LLC (f/k/a Chipotle Mexican Grill Service Co., LLC and CMG Service Co., LLC)

4  constitutes a continuing violation of Plaintiffs' and proposed Class Members' rights from the first act

5  to the last act.

6    126. As a direct, foreseeable, and proximate result of Defendants' retaliatory acts, Plaintiffs

7  and proposed Class Members have suffered and continue to suffer losses, and have suffered and

8  continue to suffer humiliation, embarrassment, mental and emotional distress and discomfort.  The

9  precise amount of Plaintiffs and proposed Class Members' damages will be proven at trial.

10    127. Defendants committed the acts herein alleged maliciously, fraudulently, and

11  oppressively with the wrongful intention of injuring Plaintiffs and proposed Class Members.

12  Defendants acted with an improper and evil motive amounting to malice, in conscious disregard of

13  Plaintiffs' and proposed Class Members' rights.  Because the acts taken toward Plaintiffs and

14  proposed Class Members were carried out by and/or authorized and ratified by officers, directors,

15  and/or managing agents, acting in a despicable, deliberate, cold, callous and intentional manner in

16  order to injure and damage Plaintiffs and proposed Class Members, Plaintiffs and proposed Class

17  Members are entitled to recover punitive damages in an amount according to proof.

18    **WHEREFORE**, Plaintiffs and proposed Class Members pray for judgment against

19   Defendants as set forth below.

20           **<u>PRAYER FOR RELIEF</u>**

21    **WHEREFORE,** Plaintiffs makes the following demand:

22    a. That process be issued and served as provided by law, requiring Defendants to

23      appear and answer or face judgment;

24    b. That Plaintiffs have and recover a judgment against Defendants in an amount to be

25      determined at trial as general, special, actual, compensatory and/or nominal

26      damages;

27    c. That Plaintiffs have and recover a judgment against Defendants for punitive

28      damages in an amount to be determined at trial sufficient to punish, penalize and/or

27

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Guzman, et al. v. Chipotle Mexican Grill, Inc., et al.*; Case No. 4:17-cv-02606-HSG

1  deter Defendants;

2  d.  That Plaintiffs have and recover a judgment against Defendants in an amount to be

3  determined at trial for expenses of this litigation, including, but not limited to,

4  reasonable attorneys' fees and costs;

5  e.  That Plaintiffs have and recover declaratory and/or injunctive relief against

6  Defendants enjoining Defendants from engaging in each of the unlawful practices

7  set forth in this Complaint;

8  f.  That Plaintiffs recover pre-judgment and post-judgment interest; and

9  g.  That Plaintiffs receive such other relief as this Court deems just and appropriate.

10

11  Dated: November 8, 2017                    Respectfully submitted,

12
                                             SCHNEIDER WALLACE
13                                           COTTRELL KONECKY
                                             WOTKYNS LLP
14
                                             /s/ *Carolyn Hunt Cottrell*
15                                           CAROLYN HUNT COTTRELL
                                             MIRA P. KARAGEORGE
16
                                             Attorneys for Plaintiffs and the Proposed Class
17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a jury trial on all claims and issues raised in the First Amended

3   Complaint for which Plaintiffs are entitled to a jury.

4

5   Dated: November 8, 2017                     Respectfully submitted,

6                                               SCHNEIDER WALLACE
                                                COTTRELL KONECKY
7                                               WOTKYNS LLP

8

9                                               /s/ *Carolyn Hunt Cottrell*
                                                CAROLYN HUNT COTTRELL
10                                              MIRA P. KARAGEORGE

11                                              Attorneys for Plaintiffs and the Proposed Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on April 13, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.


Date: April 13, 2018                     Respectfully Submitted,


                                         /s/ *David C. Leimbach*
                                         Carolyn H. Cottrell (SBN 166977)
                                         David C. Leimbach (SBN 265409)
                                         Mira P. Karageorge (SBN 312916)
                                         SCHNEIDER WALLACE
                                         COTTRELL KONECKY WOTKYNS LLP
                                         2000 Powell Street, Suite 1400
                                         Emeryville, California 94608
                                         Telephone: (415) 421-7100
                                         Facsimile:  (415) 421-7105
                                         dleimbach@schneiderwallace.com

                                         Attorneys for Plaintiffs and the Proposed Class