UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA GUZMAN, et al., <br> Plaintiffs, <br> v. <br> CHIPOTLE MEXICAN GRILL, INC., et al., <br> Defendants. | Case No. 17-cv-02606-HSG (KAW) <br><br> **ORDER REGARDING JOINT DISCOVERY LETTER** <br> Re: Dkt. No. 48 |

Plaintiffs Adriana Guzman, Juan Pablo Aldana Lira, and Jonathan Poot filed the instant putative class action, alleging that Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC discriminated against their employees of Hispanic race and/or Mexican national origin. (First Amended Compl. ("FAC") ¶ 1, Dkt. No. 39.) On July 30, 2018, the parties filed a joint letter concerning Defendants' subpoenas of Plaintiff Guzman's medical providers and Plaintiffs' subsequent employers and locations where Plaintiffs applied for employment. (Joint Discovery Letter at 1, Dkt. No. 48.)

Having considered the papers filed by the parties, and for the reasons set forth below, the Court will permit discovery of Plaintiff Guzman's medical records related to the treatment of conditions Plaintiff Guzman identified as being caused by Chipotle, as well as discovery of Plaintiffs' wage and benefit records from subsequent employers.

### I. LEGAL STANDARD

Under Rule 26, in a civil action, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 45 also specifically provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## II. DISCUSSION

### A. Medical Record Subpoenas re Plaintiff Guzman

Defendants seek to enforce subpoenas to Plaintiff Guzman's medical providers, seeking "medical records, psychiatric records, psychological records, billings, and prescription and insurance records." (Joint Discovery Letter at 1.) In response to Defendants' interrogatories requesting that Plaintiff Guzman identify specific conditions she suffered as a result of the complained of conduct, Plaintiff Guzman responded that she suffered from depression, anxiety, insomnia, headaches, loss of self-worth and feelings of isolation, and that she was receiving medication and treatment, including continuing to take fluoxetine for her depression. (*Id.* at 4 n.3.) During the meet and confer, Defendants offered to limit the subpoenas to "Plaintiff Guzman's medical providers [sic] treatment of the conditions she identified in her discovery responses that she says were caused by Chipotle." (*Id.* at 5.) Plaintiffs state they would only "consider" limiting the subpoenas to medical records that specifically reference Plaintiff Guzman's employment with Chipotle. (*Id.* at 3.)

The Court finds that Defendants' proposed limit to the medical records subpoenas is reasonable. Plaintiffs argue that the medical records are entirely unrelated to Plaintiff Guzman's

2

claims because there is no medical condition at issue. (Joint Discovery Letter at 1.) Plaintiffs, however, assert that they, including Plaintiff Guzman, suffered emotional harm for which they will seek damages. (FAC ¶¶ 90, 98, 110, 120, 126.) Further, by limiting the subpoenas to the treatment of the conditions Plaintiff Guzman specified were caused by Chipotle, the subpoenas are necessarily limited only to the medical conditions that would relate to her claims.

In the alternative, Plaintiffs argue that the mental health records are not relevant because Plaintiff Guzman only makes a "garden variety" claim for emotional distress. (Joint Discovery Letter at 1.) In general, "[c]onfidential communications between a patient and his or her psychotherapist are privileged under California law." *Pathak v. Avis Rent a Car Sys., LLC*, Case No. 13-cv-1823-JSW (LB), 2014 WL 820065, at *2 (N.D. Cal. Feb. 28, 2014). Disclosure of mental health records may be required where "directly relevant to the nature of the specific 'emotional or mental' condition which the patient has voluntarily disclosed and tendered in his pleadings or in answer to discovery inquiries." *In re Lifschutz*, 2 Cal. 3d 415, 431 (1970). Courts in this district, however, have found that "a plaintiff who brings only 'garden variety' claims for emotional distress waives neither the evidentiary privileges nor his right to privacy under California and federal law." *Pathak*, 2014 WL 820065, at *2; *see also EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006) (finding no waiver of right of privacy where the plaintiff asserted garden-variety claim for emotional distress and did not intend to introduce medical records or testimony to support her claim).

In turn, garden variety emotional distress has been defined as "ordinary or commonplace emotional distress" or that which is "simple or usual." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003). Emotional distress that is not garden-variety "may be complex, such as that resulting in a specific psychiatric disorder," or where there is a claim for intentional infliction of emotional distress. *Ruhlmann v. Ulster Cty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000).

In *Lira v. Chipotle Mexican Grill, Inc.*, this Court found that the plaintiff had only asserted garden variety emotional distress where the plaintiff had asserted that "as a result of Defendants' discriminatory actions, he 'has suffered and continues to suffer humiliation, embarrassment,

3

mental and emotional distress and discomfort.'" Case No. 17-cv-2588-JSW (KAW), 2018 WL 2128707, at *3 (N.D. Cal. May 9, 2018). Significantly, the Court found that the plaintiff "d[id] not allege a specific mental or psychiatric injury or disorder," and that "[t]he described symptoms do not appear to be particularly severe, to the point that it is beyond the 'simple or usual' emotional distress that may be expected from [the p]laintiff's alleged termination and discrimination suffered." *Id.*

Here, in contrast, Plaintiff Guzman has alleged that she continues to suffer from symptoms, including depression, for which she obtains treatment from Dolores Jiminez, PhD, Guadulpe Pacheco, LCSW, and MHHC Primary Care. (Joint Discovery Letter at 4 n.3.) Plaintiff Guzman also continues to take fluoxetine for her depression. (*Id.*) Such symptoms are more than the "simple or usual" emotional distress in *Lira*, but are, instead, a specific psychiatric disorder. Thus, the Court finds that Plaintiff Guzman has asserted more than garden variety emotional distress, therefore making medical and mental health records related to the symptoms she suffered as a result of Defendants' alleged actions relevant. The Court will therefore limit the subpoenas to the treatment of the conditions Plaintiff Guzman identified in her discovery responses.

### B. Employment Records

Defendants seek to enforce subpoenas to Plaintiffs' subsequent employers and locations where they applied for employment, requesting employment records, personnel files, disciplinary records, workers' compensation files, pay stubs, time sheets, doctor's notes, work restrictions, and payroll documents. (*See* Joint Discovery Letter, Exh. A at 4.)

"California recognizes a limited privacy right in employment records." *Sirota v. Penske Truck Leasing Corp.*, Case No. 05-cv-3296-SI, 2006 WL 708910, at *2 (N.D. Cal. Mar. 17, 2006). Courts in this district, however, have found that where the "plaintiff initiated this lawsuit, his privacy interest is vastly reduced." *Id.*; *see also Guitron v. Wells Fargo Bank, N.A.*, Case No. 10-cv-3461-CW (MEJ), 2011 WL 4345191, at *2 (N.D. Cal. Sept. 13, 2011).

The parties agree that wage and benefit records are discoverable in this case. (Joint Discovery Letter at 3, 5.) Defendants also agreed to drop their request for workers' compensation, time off requests, and doctor's notes. (*Id.* at 5.) Thus, the parties' remaining dispute is over

4

disciplinary records, performance reviews, and termination records, and whether such records are relevant. (*Id.* at 2, 5.) Defendants assert that these records are relevant to determining Plaintiffs' lost wages and mitigation, as "Plaintiffs' performance with subsequent employers will illustrate whether or not any such loss is attributable to Plaintiff based on poor performance resulting in terminations, pay reductions or demotions, as opposed to loss allegedly attributable to Defendants." (*Id.* at 5.)[1]

The Court finds that discovery of disciplinary records, performance reviews, and termination records is, at this point, overbroad and disproportionate to the needs of discovery. This does not appear to be a case where Plaintiffs are working high-level jobs that are dependent on performance reviews for raises and other salary adjustments. Further, there does not appear to be any evidence that Plaintiffs were ever terminated from their subsequent positions, or if they suffered pay reductions or demotions. While Plaintiffs have a reduced privacy interest in their employment records, they still have some privacy interest, and Defendants' generalized arguments that disciplinary records, performance reviews, and termination records could show that Plaintiffs' wages were lower due to poor performance is too speculative to warrant such invasive discovery. If Defendants discover that Plaintiffs were subjected to termination, pay reductions, or demotions -- the latter of which would be revealed in the payroll and benefits records -- the Court may be open to permitting discovery into the reasons for those adverse actions. At this point, however, discovery of such records runs the risk of harassing Plaintiffs. Thus, the Court will limit the subpoenas for employment records to wage and benefit records only.

The Court will require Defendants to withdraw the subpoenas as to locations where Plaintiffs applied for employment. First, Defendants provided no explanation as to why Defendants are seeking records from such locations. (*See* Joint Discovery Letter at 5.) Second, because the Court is limiting the subpoenas for employment records to wage and benefit records only, locations where Plaintiffs applied for employment -- but did not work at -- would not have

---

[1] Defendants also point to "[o]ther additional reasons [which] can be found at [Docket No.] 46-1, p.3-4." (Joint Discovery Letter at 5 n.4.) The Court will not consider these other reasons. Defendants should have presented the arguments in this letter; Defendants cannot avoid the page limits by referring to substantive arguments made in other documents.

5

any such records.

### III. CONCLUSION

For the reasons stated above, Defendants are permitted to subpoena medical records related to the treatment of the conditions Plaintiff Guzman identified in her discovery responses. Defendants' subpoenas for employment records shall be limited to the wage and benefit records of subsequent employers only. Defendants are to withdraw the subpoenas for employment records from locations where Plaintiffs applied for employment.[2]

IT IS SO ORDERED.

Dated: August 9, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Plaintiffs state that the Court should require Defendants to re-issue the subpoena, but provide no authority for why the Court should so require. (Joint Discovery Letter at 3 n.2.)