United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA GUZMAN, et al., <br> Plaintiffs, <br> v. <br> CHIPOTLE MEXICAN GRILL, INC., et al., <br> Defendants. | Case No. 17-cv-02606-HSG (KAW) <br><br> **ORDER REGARDING JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 61 |

Plaintiffs Adriana Guzman, Juan Pablo Aldana Lira, and Jonathan Poot filed the instant putative class action, alleging that Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC discriminated against their employees of Hispanic race and/or Mexican national origin. (First Amended Compl. ("FAC") ¶ 1, Dkt. No. 39.) On November 2, 2018, the parties filed a joint letter concerning Plaintiffs' interrogatory seeking a class list of all putative class members, including their name, job title(s), dates of employment, employment location(s), and last known contact information. (Joint Discovery Letter at 2, Dkt. No. 61.)

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope

permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

## II. DISCUSSION

As an initial matter, the Court notes that the joint discovery letter does not comply with the Court's standing order. The standing order requires that the parties draft and file their joint discovery letter "within **five (5)** business days of the lead trial counsels' meet and confer session." (Westmore Standing Ord. ¶ 13.) Here, the parties met and conferred on October 3 and 9, 2018, but did not file their letter until November 2, 2018. Rather than terminate the discovery letter, however, the Court orders the parties to review the standing order prior to filing any other discovery letters. Future failure to comply with the standing order **in its entirety** may result in the Court terminating the discovery letter.

Here, Plaintiffs seek identifying and contact information about the putative class members. The putative class is defined as "[a]ll current and former hourly employees of Chipotle, who are Hispanic and/or of Mexican national origin, and worked at Chipotle restaurant locations in California." (FAC ¶ 82.) Defendants have estimated that approximately 43,000 people employed in Defendants' over 400 California restaurants between November 14, 2011 and October 12, 2018 self-identified as Latino or Hispanic. (Joint Discovery Letter at 5.)

The Supreme Court has recognized the importance of permitting class counsel to communicate with potential class members for the purpose of gathering information, even prior to class certification. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981); *see also Vinole*, 571 F.3d

1 at 942 ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, the propriety of a class action cannot be determined in some cases without discovery."); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the better and more advisable practice for a District Court to follow is to afford the litigant an opportunity to [obtain material through discovery in order to demonstrate] whether a class action was maintainable . . . especially when the information is within the sole possession of the defendant."). District courts do not abuse their discretion by refusing to allow pre-certification discovery where the plaintiff failed to show either a prima facie case for class relief under Rule 23 or that discovery was likely to produce substantiation of the class allegations. *See Doninger*, 564 F.2d at 1313 (class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information substantiating the class action allegations"); *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) (no abuse of discretion by denying pre-certification discovery where plaintiff merely cited "two other complaints filed elsewhere" by similar plaintiffs against the same defendant to demonstrate a likelihood that discovery would substantiate class allegations).

Here, Defendants make four arguments opposing Plaintiffs' discovery request. First, Defendants argue that Plaintiffs' request is overbroad because it seeks information on all of Defendants' current and former hourly employees of Hispanic and/or Mexican national origin employed in California. (Joint Discovery Letter at 4.) Defendants contend, however, that Plaintiffs' proposed *Belaire-West* notice concerned discrimination against individuals who are both of Hispanic and/or Mexican national origin *and* who had poor English-speaking skills or spoke with an accent. (*Id.*; *see* Dkt. No. 58-1.) Ultimately, however, the proposed class is of current and former hourly employees of Hispanic and/or Mexican national origin, not the subset of those employees who also have poor English-speaking skills or speak with an accent. (*See* FAC ¶ 82.) The proposed *Belaire-West* notice does not modify the proposed class; instead, it describes types of discrimination allegedly suffered by the class. Thus, the discovery request is not overbroad.

Second, Defendants contend that Plaintiffs have failed to show that discovery is likely to substantiate the class claims, relying on *Doninger* and *Mantolete*. (Joint Discovery Letter at 5.)

The undersigned, however, agrees that "nothing in *Doninger* and *Mantolete* suggests that a prima facie showing is mandatory in all cases, and it very well may be the case that courts routinely do not require such a showing." *Kaminske v. JP Morgan Chase Bank N.A.*, No. SACV 09-00918 JVS (RNBx), 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010); *see also Wellens v. Daiichi Sankyo Inc.*, Case No. 13-cv-581-WHO (DMR), 2014 WL 969692, at *2 (N.D. Cal. Mar. 5, 2014); *Robinson v. Chefs' Warehouse*, Case No. 15-cv-5421-RS (KAW), 2017 WL 836943, at *2 (N.D. Cal. Mar. 3, 2017). Instead, as "numerous courts in this District have made clear, the disclosure of class members' contact information, such as their names, addresses, telephone numbers, and email addresses, is common practice in the pre-class certification context." *Bell v. Delta Air Lines, Inc.*, Case No. 13-cv-1199-YGR (LB), 2014 WL 985829, at *3 (N.D. Cal. Mar. 7, 2014); *see also Harris v. Best Buy Stores, L.P.*, Case No. 17-cv-446-HSG (KAW), 2017 WL 3948397, at *3 (N.D. Cal. Sept. 8, 2017).

Third, Defendants argue that class discovery should be limited to the locations at which Plaintiffs work because Plaintiffs have not produced evidence of companywide violations. (Joint Discovery Letter at 5-6.) Defendants rely on non-binding cases from outside this district.[1] Courts in this district, however, have permitted statewide discovery, again reasoning that such information is necessary for plaintiff to substantiate the class-wide claims. *E.g.*, *Currie-White v. Blockbuster, Inc.*, Case No. 09-cv-2593-MMC (MEJ), 2010 WL 1526314, at *3 (N.D. Cal. Apr. 15, 2010); *Harris*, 2017 WL 3948397, at *3-4. Thus, the Court finds that state-wide discovery is permissible at this point.

Finally, Defendants contend that the Court should only require a statistically significant sample. (Joint Discovery Letter at 6.) Defendants do not propose what a statistically significant sample would be. Plaintiffs request a representative sample of half of the statewide class, but appear to suggest a 20% sample would be appropriate. (*Id.* at 4, 4 n.4.) While courts have

---

[1] Defendants also invite the Court to review their September 21, 2018 letter for further information on why Defendants should not be required to produce contact information for putative class members beyond these two locations. (Joint Discovery Letter at 6.) The Court declines. The Court is not obliged to review the entirety of a separate document for arguments that Defendants desire to make here, particularly when that document is an improperly filed discovery letter that was terminated for failure to comply with the Court's standing order.

4

permitted a 20% sample, such samples also involved much smaller classes. *E.g.*, *Quintana v. Claire's Boutiques, Inc.*, Case No. 13-cv-368-PSG, 2014 WL 234219, at *2 (N.D. Cal. Jan. 21, 2014) (permitting 20% sample of a putative class of 1,100); *In re Facebook Privacy Litig.*, Case No. 10-cv-2389-RMW, 2015 WL 3640518, at *3 (requiring provision of contact information and ad-click data for 5,000-person random sample); *Harris*, 2017 WL 3948397, at *3 (requiring provision of contact information for 500 employees out of a 10,000-member putative class).

Here, the putative class is around 43,000 individuals in over 500 locations; a 20% sample would be 8,600 individuals. Given the large size of the putative class, the Court finds that a sample of 2,000 individuals (approximately 5%) is appropriate. Defendants shall provide the names, job title(s), dates of employment, employment location(s), and last known contact information (including address, telephone number, and e-mail address) of each member of the ample, which shall be obtained randomly.

Furthermore, Plaintiff's counsel is instructed to inform each potential class member that 1) he or she has a right not to talk to counsel, and 2) that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again. *See Bell*, 2014 WL 985829, at *4.

### III. CONCLUSION

For the reasons stated above, Defendants shall furnish the contact information for a random sample of 2,000 potential class members in response to Plaintiff's interrogatory within 14 days of this order.

IT IS SO ORDERED.

Dated: November 21, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge