1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6    ADRIANA GUZMAN, et al.,                   Case No. 17-cv-02606-HSG

7              Plaintiffs,                     **ORDER GRANTING MOTIONS FOR**
                                               **LEAVE TO FILE SECOND AMENDED**
8         v.                                   **COMPLAINT AND TO MODIFY CASE**
                                               **MANAGEMENT SCHEDULE**
9    CHIPOTLE MEXICAN GRILL, INC., et
     al.,                                      Re: Dkt. Nos. 53, 68
10
              Defendants.
11

12          Pending before the Court are Plaintiffs' (1) motion for leave to file a second amended

13   complaint, *see* Dkt. No. 53 ("Mot."); and (2) motion to modify the case management schedule, *see*

14   Dkt. No. 68.[1]  For the following reasons, the Court **GRANTS** both motions.

15   **I.    BACKGROUND**

16          In this putative class action, Plaintiffs Adriana Guzman, Juan Pablo, Aldana Lira, and

17   Jonathon Poot allege that their employers, Defendants Chipotle Mexican Grill, Inc. ("CMGI") and

18   Chipotle Services, LLC ("CSL"), "systematically discriminate" against them and other proposed

19   class members "on the basis of their Hispanic race and/or Mexican national origin[]" in violation

20   of California's Fair Employment and Housing Act.  *See* First Amended Complaint, Dkt. No. 39 at

21   ¶ 1.  Plaintiffs now "seek leave to amend to add allegations of alter-ego liability" (i.e., a veil-

22   piercing theory) against the two existing Defendants.  *See* Mot. at 1.

23          Plaintiffs filed their initial putative class action complaint in state court on February 17,

24   2017.  *See* Dkt. No. 1-1.  Defendant CMGI removed the case on May 5.  *See* Dkt. No. 1.  On April

25   12, 2018, the Court granted Plaintiffs' motion to file an amended complaint adding CMGI's

26   subsidiary CSL as a defendant, *see* Dkt. No. 38, and issued a scheduling order setting June 12,

27   _____

28   [1] The Court finds this matter appropriate for disposition without oral argument and the matter is
     deemed submitted.  *See* Civil L.R. 7-1(b).

United States District Court
Northern District of California

1    2018 as the deadline for amendment of pleadings, *see* Dkt. No. 37.  Plaintiffs filed the first

2    amended complaint on April 13, 2018.  *See* Dkt. No. 39.

3         Plaintiffs filed a motion for leave to file a second amended complaint on August 24, 2018.

4    *See* Dkt. No. 53.  Defendants opposed on September 7, *see* Dkt. No. 56 ("Opp."), and Plaintiffs

5    replied on September 14, *see* Dkt. No. 57 ("Reply").

6         Plaintiffs filed a motion to modify the case management schedule on December 3, 2018,

7    *see* Dkt. No. 68, along with an application to shorten the time for hearing, *see* Dkt. No. 69.  The

8    Court granted Plaintiffs' motion to shorten time on the briefing schedule but denied the request for

9    hearing.  *See* Dkt. No. 70.  Defendants responded on December 4.  *See* Dkt. No. 72.

10   **II.   LEGAL STANDARD**

11        Under the Federal Rules of Civil Procedure, a case management schedule "may be

12   modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Likewise,

13   the party seeking to amend a pleading after the deadline set by the pretrial scheduling order

14   expires "must satisfy the 'good cause' standard of [Rule] 16(b)(4) . . . rather than the liberal

15   standard of [Rule] 15(a)."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737

16   (9th Cir. 2013) (brackets in original), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591

17   (2015).  As the Ninth Circuit has explained,

18   
19   
20   
21
> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

22   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotation

23   marks omitted).  If "good cause" for amendment is found under Rule 16(b), then the Court should

24   deny leave to amend "only if such amendment would be futile."  *Heath v. Google Inc.*, No. 15-cv-

25   01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016); *see also Kisaka v. Univ. of S.*

26   *Cal.*, No. CV 11-01942 BRO (MANx), 2013 WL 12203018, at *2–3 (C.D. Cal. Nov. 20, 2013)

27   (assessing motion for leave to amend under Rule 16(b) and holding that even if the Court were to

28   find diligence and lack of prejudice, amendment would nonetheless be futile).

1

**III.    DISCUSSION**

2

**A.    Motion for Leave to File Second Amended Complaint**

3      Plaintiffs seek leave to file a second amended complaint "to add allegations of alter-ego

4    liability" (i.e., a veil-piercing theory) against CMGI and CSI, in addition to the joint-employer

5    theory they alleged in the first amended complaint.  Mot. at 1.  Because the Court's scheduling

6    order set June 12, 2018 as the deadline for amendment of pleadings, *see* Dkt. No. 37, Plaintiffs

7    must meet the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) and must

8    demonstrate that amendment would not be futile.  Plaintiffs do so here and thus the Court

9    **GRANTS** their motion for leave to file a second amended complaint.

10

**i.    Good Cause**

11      Plaintiffs contend that they have met the good cause standard because they did not learn of

12    facts supporting their alter-ego theory of liability until a July 17, 2018 deposition in a separate

13    case.  Mot. at 10.  Furthermore, Plaintiffs assert that Defendants had exclusive possession of the

14    underlying facts and did not disclose them in initial disclosures or discovery responses.  Reply at

15    1–2.

16      Defendants respond that Plaintiffs' November 2017 motion for leave to file an amended

17    complaint demonstrates that "Plaintiffs knew that they potentially had alter ego claims against

18    Defendants" because they "kn[ew] of the connection between CSL and CMG[I]."  Opp. at 6–7.

19    Defendants rely primarily on *Ginger Root Office Assocs., LLC v. Advanced Packaging & Prod.*

20    *Co.*, in which the court denied the plaintiff's motion for leave to add additional defendants under

21    an alter ego theory, finding that the plaintiff "was not entitled to wait until its proof was complete

22    before seeking to add these parties as defendants."  *See* No. CV0705568MMMJTLX, 2008 WL

23    11338229, at *4 (C.D. Cal. Dec. 9, 2008).

24      Plaintiffs have acted with sufficient diligence to satisfy the good cause standard.  In the

25    first amended complaint, Plaintiffs named the same two Defendants, but alleged a theory of joint

26    liability.  *See* Dkt. No. 39 ¶ 10.  There is nothing in the record to suggest that Plaintiffs had facts

27    supporting an alter ego theory prior to the July 17 deposition.  Though Defendants claim that

28    amendment would be prejudicial, they are unable to support this claim with anything other than a

3

1    generic recital that it would "cause undue delay and prejudice."  Opp. at 10.  And unlike in *Ginger*

2    *Root*, the Plaintiffs are not adding any new defendants but are merely alleging a new theory of

3    liability against the existing Defendants.  Plaintiffs have established good cause to amend their

4    Complaint.

5               **ii.    Futility**

6        "[L]eave to amend should be denied as futile only if no set of facts can be proved under the

7    amendment to the pleadings that would constitute a valid and sufficient claim or defense."

8    *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (internal quotations

9    omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  If it is "not

10   clear that amendment of [a] complaint would be futile" a district court should permit a party to

11   amend its complaint rather than deny leave to amend on the ground of futility.  *See Center for*

12   *Biological Diversity v. Veneman*, 394 F.3d 1108, 1114–15 (9th Cir. 2005).

13       The alter ego doctrine allows "the court [to] disregard the corporate entity and . . . hold the

14   individual shareholders liable for the actions of the corporation."  *Mesler v. Bragg Mgmt. Co.*, 39

15   Cal. 3d 290, 300 (1985).  Under this doctrine, "[a] corporate identity may be disregarded—the

16   'corporate veil' pierced—where an abuse of the corporate privilege justifies holding the [owner]

17   of a corporation liable for the acts of the corporation."  *Sonora Diamond Corp. v. Super. Ct.*, 83

18   Cal. App. 4th 523, 538 (2000).  There are two basic requirements: "(1) that there be such unity of

19   interest and ownership that the separate personalities of the corporation and the individual no

20   longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable

21   result will follow."  *Mesler*, 39 Cal.3d at 300 (quoting *Automotriz Del Golfo De California S. A.*

22   *De C. V. v. Resnick*, 47 Cal.2d 792, 796 (1957)).

23       The Court cannot say that Plaintiffs' proposed amendment is futile.  In their proposed

24   second amended complaint, Plaintiffs have pled facts to support their allegations that CMGI and

25   CSL share a unity of interest and that respecting the corporate formality would lead to an injustice.

26   *See* Dkt. No. 53-4 ¶¶ 11–20.  Plaintiffs' proposed amendment is not clearly futile.

27       **B.    Motion to Modify Case Management Schedule**

28        Plaintiffs move to modify the case management schedule, contending that they have been

4

1    diligent but that Defendants have "systematically ignored their discovery obligations." *See* Dkt.

2    No. 68-1 at 1. Defendants "do not take a position" on whether the schedule should be modified,

3    but dispute that Plaintiffs were diligent or that Defendants have engaged in any improper conduct.

4    *See* Dkt. No. 72.

5         The Court need not wade into the parties' discovery disputes here. The Court finds that

6    Plaintiffs have shown good cause to modify the case management schedule, particularly given that

7    Defendants do not oppose the proposed extensions and the Court has just granted Plaintiff's

8    motion for leave to amend the Complaint.

9         Accordingly, the Court **GRANTS** the proposed case management schedule as set out

10   below:

11       1. The Parties' fact discovery cut-off previously set for December 3, 2018, is CONTINUED

12          to **January 18, 2019**;

13       2. The deadline for the Parties' designation of experts currently set for December 17, 2018, is

14          CONTINUED to **February 1, 2019**;

15       3. The deadline for the Parties' designation of rebuttal experts currently set for January 11,

16          2019, is CONTINUED to **March 1, 2019**;

17       4. The Parties' expert discovery cut-off currently set for January 20, 2019, is CONTINUED

18          to **March 15, 2019**;

19       5. The Parties' dispositive motion filing deadline, including the deadline for filing Plaintiffs'

20          class certification motion, currently set for January 30, 2019, is CONTINUED to **April 1,**

21          **2019**;

22       6. The Parties' deadline to file oppositions to dispositive motions, including the deadline for

23          filing any opposition to Plaintiffs' class certification motion, currently set for March 1,

24          2019, is CONTINUED to **May 1, 2019**;

25       7. The Parties' deadline to file replies to dispositive motions, including the deadline for filing

26          any reply pertaining to Plaintiffs' class certification motion, currently set for March 6,

27          2019, is CONTINUED to **May 7, 2019;**

28       8. The Parties' hearing date regarding dispositive motions, including the deadline for the

5

hearing for Plaintiffs' class certification motion, currently set for April 4, 2019, is CONTINUED to **June 6, 2019 at 2:00 p.m.**

## IV. CONCLUSION

The Court **GRANTS** Plaintiffs' motion for leave to file a second amended complaint and **GRANTS** Plaintiffs' motion to modify the case management schedule. Plaintiffs shall file their second amended complaint by the close of business today, December 17, 2018.

**IT IS SO ORDERED.**

Dated: 12/17/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge