UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA GUZMAN, et al., <br>     Plaintiffs, <br> v. <br> CHIPOTLE MEXICAN GRILL, INC., et al., <br>     Defendants. | Case No. 17-cv-02606-HSG <br><br> **ORDER GRANTING MOTION TO SEAL** <br><br> Re: Dkt. No. 103 |

Pending before the Court is Plaintiffs' administrative motion to file under seal an exhibit filed in support of Plaintiff's opposition to Defendant's motion for summary judgment. *See* Dkt. No. 103. For the reasons detailed below, the Court **GRANTS** the motion to file under seal.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

Because the parties seek to seal an exhibit which pertains to a summary judgment motion, the Court applies the compelling reasons standard. Defendants filed a supporting declaration

2

1 pursuant to Civil Local Rule 79-5, establishing that the unredacted information contains sensitive
2 and proprietary information. *See* Dkt. No. 105. Specifically, Defendants represent that Exhibit
3 13, the exhibit sought to be filed under seal, Dkt. No. 102-2, Ex. 13, is a services agreement that
4 discloses proprietary and non-public information about Defendants' operations, business
5 strategies, and finances. *See* Dkt. No. 105. According to Defendants, public disclosure of such
6 information would cause harm to them as competitors could use the information to their
7 disadvantage. *See id*. at 2.

8        The Court did not rely on Exhibit 13 because the parties reached settlement, *see* Dkt. No.
9 124, and the summary judgment motion was denied as moot. *See* Dkt. No. 127. Thus, the exhibit
10 is unrelated to the public's understanding of the judicial proceedings in this case, and the public's
11 interest in disclosure of these documents is minimal given that the Court will not rule on the merits
12 of the summary judgment motion. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK,
13 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these
14 documents is even further diminished in light of the fact that the Court will not have occasion to
15 rule on Plaintiffs' Motion for Class Certification."). Accordingly, because the exhibit divulges
16 confidential business information relating to Defendants' operations that is unrelated to the
17 public's understanding of the judicial proceedings in this action, the Court finds that there is
18 compelling reason and good cause to file the documents under seal. *See Economus v. City & Cty.*
19 *of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019)
20 (finding compelling reason to seal because the sealing request divulges sensitive information no
21 longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*,
22 No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's
23 disclosure of personal information and irrelevance to the matter are compelling reasons to seal the
24 exhibit).
25 //
26 //
27 //
28 //

**III. CONCLUSION**

Accordingly, the Court **GRANTS** the administrative motion to file Exhibit 13 under seal. Pursuant to Civil Local Rule 79-5(f)(1), Dkt. No. 102-2, will remain under seal.

**IT IS SO ORDERED.**

Dated: 3/11/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge